IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

RICHARD STRAWICK,                              Case No. 07-232-HO

          Plaintiff,                           ORDER

     v.

Commissioner of Social Security,

          Defendant,

    Plaintiff filed this action for review of the decision of the Commissioner denying his application for supplemental security income benefits.  For the reasons discussed below, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner for further proceedings before the administrative law judge.

    The ALJ failed to state specific and legitimate reasons supported by substantial evidence to reject the opinions of Drs. Greenleaf and Gottschalk that plaintiff is limited to a narrow range of sedentary work in favor of the opinion of the agency physician that plaintiff is capable of a reduced range of light

work.  Noting that Dr. Ross is an orthopedist, the ALJ relied on Dr. Ross's opinion that objective medical evidence does not support Dr. Gottschalk's opinion.  Dr. Ross's opinion is contradicted by the opinion of the agency physician, and the ALJ provides no explanation for simultaneously crediting Dr. Ross's opinion as far as it undermines Dr. Gottschalk's opinion, and rejecting Dr. Ross's opinion as far as it undermines the opinion of the agency physician.[1]  The ALJ also relied on the findings of treating physicians Yundt and Carroll.  Findings of the cited physicians are consistent.  Only the opinions regarding functional limitations differ significantly.  Drs. Yundt and Carroll provided no such opinions.  The decision does not mention that Dr. Carroll prescribed a cane.  (Tr. 461).

The decision does not mention Dr. Bartol's report regarding mental impairments and functional limitations.  The testimony of the vocational expert indicates that the failure to address the report is not harmless.  (Tr. 701).

The mistreatment of the medical evidence calls into question the finding that objective medical evidence does not support functional limitations exceeding plaintiff's residual functional capacity.  The determination of plaintiff's credibility rests in

---

[1] For the benefit of the parties, the court notes that it is unable to locate support in the record for Dr. Ross's finding that "[t]he attorney's physician misrepresented the MRI as stating there to be 'herniations.'"  (Tr. 231).

2 - ORDER

significant part on this finding and Dr. Ross's report stating that plaintiff overstated his symptoms and exhibited positive Waddell's signs. (Tr. 279). Plaintiff's limited activities of self care and sustenance as described by plaintiff and the lay witness are not clearly inconsistent with his allegations of disability, nor is his limited work record. The decision does not mention Dr. Trueblood's findings that cognitive screening does not include characteristics suggestive of malingering and that plaintiff did not appear to attempt to overstate symptoms. (Tr. 618). The lay witness statement evinces greater limitation in standing and sitting ability than assessed by the ALJ. (Tr. 519-27). The court cannot conclude that the credibility determinations may stand despite the mistreatment of the medical evidence, discussed above.

This matter must be remanded for a new decision and further proceedings as the ALJ deems appropriate. Such proceedings could include supplementation of the record with treating physician opinions regarding plaintiff's functional abilities. The record may support findings that plaintiff is disabled or not disabled. On remand, opinions and statements need not be treated as true if
///


///


3 - ORDER

sufficient reasons supported by substantial evidence are cited to reject the opinions and statements.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded for further proceedings.

IT IS SO ORDERED.

DATED this __10th__ day of September, 2008.

                                         _s/ Michael R. Hogan_
                                         United States District Judge